SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
E-mail: jbrophy@seyfarth.com
Malak Cherkaoui Jaouad (SBN 346337)
E-mail: mcherkaouijaouad@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
MARSHALLS OF CA LLC,
a limited liability company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA HERNANDEZ VASQUEZ,<br><br>                      Plaintiff,<br>          v.<br><br>MARSHALLS OF CA LLC, a Virginia Limited Liability Company; and DOES 1 TO 40, inclusive,<br><br>                      Defendants. | Case No. 2:23-cv-10889<br><br>**DEFENDANT MARSHALLS OF CA, LLC'S AMENDED NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>*[Filed Concurrently With Declarations of Jonathan L. Brophy, Joan Meltzer and W. Alex Koch; Corporate Disclosure Statement; Notice of Interested Parties; Civil Cover Sheet; and Certificate of Service]*<br><br>[Los Angeles County Superior Court Case No. 23STCV27957]<br><br>State Action Filed:<br>November 14, 2023 |

306777979v.4

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO BLANCA HERNANDEZ VASQUEZ AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Marshalls of CA, LLC ("Marshalls" or "Defendant") hereby removes the above-referenced action from the California Superior Court, County of Los Angeles, pursuant to 28 U.S.C. sections 1441 and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. section 1332). The removal is proper for the following reasons.

## I.   BACKGROUND

1.      On November 14, 2023, Plaintiff Blanca Hernandez Vasquez ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*Blanca Hernandez Vasquez, an individual, Plaintiff, vs. Marshalls of CA, LLC, a Virginia Limited Liability Company; and DOES 1-40, inclusive, Defendants*," Case No. 23STCV27957 ("Complaint").

2.      The Complaint asserts causes of action against Marshalls for: "(1) Disability Discrimination [Government Code § 12900 *et seq.*]; (2) Wrongful Termination in Violation of FEHA; (3) Failure to take Reasonable and Necessary Steps to Prevent Discrimination; (4) Failure to Accommodate; (5) Wrongful Termination Against Public Policy [Government Code § 12940(a)]; and (6) Failure to Engage in the Interactive Process."

3.      On November 30, 2023, Marshalls' registered agent for service of process in California received, via process server, the Summons, Complaint, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulation, and an Alternative Dispute Resolution (ADR) Information Package. A true and correct copy of the packet is attached to the Declaration of Jonathan L. Brophy ("Brophy Decl.") in support of this Notice of Removal as **Exhibit A**.

1

306777979v.4

4. On December 28, 2023, Marshalls timely filed its Answer to Plaintiff's Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer filed is attached to the Brophy Decl. in support of this Notice of Removal as **Exhibit B**.

5. Marshalls did not receive any other pleadings or papers, other than the pleadings described as **Exhibits A and B**, in this action prior to this Notice of Removal. (*See* Brophy Decl., ¶ 3.)

## II.    TIMELINESS OF REMOVAL

6. This Notice of Removal is timely as it is filed within thirty (30) days of service of a copy of the Summons and Complaint on Marshalls in this action on October 23, 2023. 28 U.S.C. § 1446(b). Each Defendant has 30 days after service to file a Notice of Removal. 28 U.S.C. § 1446(b)(2(B).

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

7. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    Plaintiff Is A Citizen Of California

8. Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. (*See* Declaration of W. Alex Koch ("Koch Decl."), ¶ 5.) The Complaint alleges that, "Plaintiff is an individual residing in the County of Los Angeles, State of California." (*See* Exhibit A, Compl., ¶ 1.)

9. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to

-2-

DEFENDANT'S NOTICE OF REMOVAL

remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

10.    Marshalls' review of Plaintiff's personnel file reveals that Plaintiff resides in Los Angeles, California. (*See* Koch Decl., ¶ 5.)

11.    Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.    Defendant Marshalls of CA, LLC Is Not A Citizen Of California**

12.    Marshalls is now and, at all times since the commencement of this action has been, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  *See Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 559 U.S. at 92-93.

13.    "A [ ] partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

14.    Moreover, unincorporated associations such as limited liability companies and partnerships are also treated as "a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899; *see also Grupo Dataflux v. Atlas Global Grp., LP*, 541 US 567, 569 (2004) (same); *Carden v. Arkoma Assocs.*, 494 US 185, 195, 110 S.Ct. 1015, 1021 (1990) (same).

15.    In this case, Marshalls is now, and ever since this action commenced has been, a limited liability company, organized under the laws of the State of Virginia. (*See* Declaration of Joan Meltzer ("Meltzer Decl."), ¶ 5.) Marshalls' principal place of business is in Massachusetts because it is where its headquarters are located and where its high level officers direct, control and coordinate its

-3-
DEFENDANT'S NOTICE OF REMOVAL

activities. (*Id.* at ¶ 6.)  Additionally, the majority of Marshalls executive and administrative functions are performed in or directed from the Framingham, Massachusetts office, including corporate finance, accounting, purchasing, marketing and information systems. (*Id.*)

16.     Even if this Court were to consider the citizenship of Marshalls' members, it is still not a citizen of California because, as discussed below, none of its members and sub-members—(1) NBC Operating, LP, (2) NBC GP, LLC, and (3) NBC Trust—are a citizen of the State of California.  Thus, there is diversity between Plaintiff and Marshalls.

**1.     NBC Operating, LP Is Not A Citizen Of California**

17.     At all times since Plaintiff commenced this lawsuit, Marshalls' sole member has been NBC Operating, LP and it owns 100% of Marshalls. (*See* Meltzer Decl., ¶ 7.)

18.     NBC Operating, LP is a limited partnership that at all relevant times during this litigation was organized under the laws of the State of Delaware with its principal place of business in Massachusetts. (*Id.*, ¶ 8.)  NBC Operating, LP's principal place of business is in Massachusetts because it is where its headquarters is located and where its high level officers direct, control and coordinate its activities. (*Id.*, ¶ 9.)  Additionally, the majority of NBC Operating, LP's executive and administrative functions are performed in or directed from the Massachusetts office, including corporate finance, accounting, purchasing, marketing and information systems. (*Id.*)

19.     Because NBC Operating, LP is a partnership, the Court may also examine the citizenship of its members—NBC GP, LLC and NBC Trust—for purposes of establishing diversity jurisdiction.  *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010) (When a member of a limited liability

-4-
DEFENDANT'S NOTICE OF REMOVAL

company is itself a partnership or association, "the federal court needs to know the citizenship of each 'sub-member' as well.")

20.    At all times since Plaintiff commenced this lawsuit, NBC Operating, LP's general partner has been NBC GP, LLC, a Delaware limited liability company, and its limited partner has been NBC Trust.  (*See* Meltzer Decl., ¶ 10.) NBC Trust owns 100% of NBC Operating, LP.  (*Id.*)

### 2.    NBC GP, LLC Is Not A Citizen Of California

21.    NBC GP, LLC is a limited liability company that at all relevant times during this litigation was organized and existing under the laws of the State of Delaware. (*See* Meltzer Decl., ¶ 11.)

22.    NBC GP, LLC's headquarters is located in Framingham, Massachusetts where its high level officers direct, control and coordinate its activities. (*Id.* at ¶ 12.) Additionally, the majority of NBC GP, LLC's executive and administrative functions are performed in or directed from the Framingham, Massachusetts offices, including corporate finance, accounting, purchasing, marketing and information systems.  (*Id.*)

23.    At all times since Plaintiff commenced this lawsuit, NBC GP, LLC's sole member has been NBC Trust, and it owns 100% of NBC GP, LLC. (*Id.* at ¶ 13.)

### 3.    NBC Trust Is Not A Citizen Of California

24.    At all times since Plaintiff commenced this lawsuit, NBC Operating, LP's limited partner has been NBC Trust, and it owns 100% of NBC Operating, LP. (*Id.* at ¶ 10.)

25.    NBC Trust is a citizen for the State of Massachusetts because it is a business trust organized under the laws of the State of Massachusetts. (*Id.* at ¶ 14.) NBC Trust's headquarters is located in Framingham, Massachusetts, where its high level officers direct, control, and coordinate its activities.  (*Id.* at ¶ 15.)

-5-

306777979v.4

Additionally, the majority of NBC Trust's executive and administrative functions are performed in or directed from the Framingham, Massachusetts offices, including corporate finance, accounting, purchasing, marketing and information systems. (*Id.*)

### C. Doe Defendants May Be Disregarded

26. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-40, does not deprive this Court of jurisdiction.

## IV. AMOUNT IN CONTROVERSY

27. While Marshalls denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

28. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

29. In determining the amount in controversy, the Court must consider the

aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

30.     Here, considered together, the damages sought by Plaintiff, along with the attorneys' fees that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A.     Plaintiff Alleges She Is Entitled To $15,000 In Loss Of Past And Future Earnings

31.     In her Complaint, Plaintiff alleges that she is entitled to loss of past and future earnings of $15,000. (*See* Exhibit A, Prayer for Damages, 1-2.)

32.     Plaintiff is currently a Merchandise Associate at Marshalls' Santa Clarita location. (*See* Koch Decl., ¶3.) She earns $16.90 per hour. (*Id.*, ¶4.) Plaintiff is currently on a leave of absence.

33.     However, Plaintiff alleges that she was terminated (*See* Compl., ¶15.) Assuming this matter goes to trial one year after its November 30, 2023 service, Plaintiff's alleged lost income could surpass the jurisdictional threshold of $75,000.00. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-17 (9th Cir. 2018) (alleged lost future wages should be considered when determining the amount in controversy because alleged lost future wages are "at stake" in the litigation). Assuming Plaintiff was terminated as of the date the Complaint was

-7-

filed, i.e., November 30, 2023, 1 year will have elapsed since Plaintiff's termination through a conservative, anticipated trial date of November 30, 2024, making Plaintiff's approximately lost wages during this time period $35, 152 ($16.90/hour x 2,080 hours a year (assuming 40 hours per week) = $35,152 per year, or $2,929 per month ($35,152 divided by 12 months). Assuming 1 year since her termination on November 20, 2023, Plaintiff's lost wages would total $35,152.

**B.      Plaintiff's Complaint Alleges $125,000 In Emotional Distress Damages**

34.    Plaintiff also claims damages for emotional distress as a result of Marshalls' conduct. (*See* Exhibit A, Compl., ¶¶ 22, 29, 39, 51, 58.)

35.    Here, Plaintiff's alleges a total of $125,000 of past and future emotional distress damages. (*See* Exhibit A, Prayer for Damages, 3-4.)

36.    A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.,* 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $151,333 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.,* 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in disability discrimination action); *Aboulafia v. GACN Inc.,* 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Vaughn v. CNA Casualty of California,* 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss to employee in disability discrimination action); *Ismen v. Beverly Hospital,* 2008 WL 4056258 (L.A. County Sup. Ct.) (jury award of $113,000 for emotional distress due in a disability discrimination and failure to accommodate action).

37.    Plaintiff's allegations that she was discriminated against and discharged because of her disability are similar to the alleged issues in these cases.

-8-
306777979v.4

Marshalls has attached these verdicts as **Exhibit C** to the concurrently filed Brophy Decl. for the Court's review.

### C.    Attorneys' Fees And Costs

38.    Plaintiff also claims that she is entitled to attorneys' fees and costs. (Exhibit A, Compl., Prayer for Relief, at 5.) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code § 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

39.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving disability discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged disability discrimination and failure to accommodate case); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including disability discrimination and failure to accommodate). Defendant has attached these verdicts as **Exhibit D** to the concurrently filed Brophy Decl. for the Court's review.

40.    Marshalls anticipates depositions being taken in this case, and that ultimately, Marshalls will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed

DEFENDANT'S NOTICE OF REMOVAL

306777979v.4

$75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (*See* Brophy Decl., ¶ 6.)

**D. Punitive Damages**

41. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). (*See* Ex. A, Compl., Prayer for Relief, at 6.)

42. Plaintiff's employer, Marshalls, is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g.*, *Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000) (finding "three factors relevant to the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant."). In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors. . . ." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

43. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See, e.g., Roby v. McKesson Corp.,* 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

-10-

DEFENDANT'S NOTICE OF REMOVAL

44. Based upon the allegations contained in Plaintiff's Complaint, Marshalls is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between the Plaintiff and Marshalls and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). This action is therefore a proper one for removal to this Court.

## V.   VENUE

45. This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a)

## VI.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

46. Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

47. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached to the concurrently filed Brophy Decl. as **Exhibits A** and **B.**

-11-

DEFENDANT'S NOTICE OF REMOVAL

306777979v.4

## VII.  CONCLUSION

48.  WHEREFORE, Marshalls prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: December 29, 2023          SEYFARTH SHAW LLP


                                   By:*/s/ Malak Cherkaoui Jaouad*
                                      Jonathan L. Brophy
                                      Malak Cherkaoui Jaouad
                                      Attorneys for Defendant
                                      MARSHALLS OF CA LLC

-12-
DEFENDANT'S NOTICE OF REMOVAL

306777979v.4